**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**SHANNA McCRORY,**
  Plaintiff,

v.                                                           **Civil Action No. <u>1:26cv208 TBM-RPM</u>**

**CRACKER BARREL OLD COUNTRY STORE, INC.,**
  Defendant.

**JURY TRIAL DEMANDED**

## <u>COMPLAINT</u>

Plaintiff Shanna McCrory ("Plaintiff" or "Ms. McCrory"), by and through undersigned counsel, files this Complaint against Defendant Cracker Barrel Old Country Store, Inc. ("Defendant" or "Cracker Barrel"), and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Plaintiff seeks damages including back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, and all other relief this Court deems just and proper.

## II. JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, and under 42 U.S.C. § 2000e-5(f)(3), because this action arises under federal law.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged herein occurred within the Southern District of Mississippi, including at Defendant's restaurant located at 15255 Crossroads Parkway, Gulfport, Mississippi 39503, where Plaintiff was employed.

## III. ADMINISTRATIVE EXHAUSTION

4. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), designated as Charge No. 425-2026-00472, alleging retaliation, sexual harassment, and discharge in violation of Title VII. The Charge was digitally signed and filed on May 12, 2026.

5. The EEOC issued a Determination and Notice of Rights on May 27, 2026, dismissing the Charge and notifying Plaintiff of her right to file suit within 90 days of receipt.

6. This Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue. Plaintiff has satisfied all conditions precedent to the filing of this action.

## IV. PARTIES

7. Plaintiff Shanna McCrory is an adult resident citizen of Harrison County, Mississippi, residing at 411 St. Augustine Avenue, Long Beach, Mississippi 39560. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of 42 U.S.C. § 2000e(f).

8. Defendant Cracker Barrel Old Country Store, Inc. is a corporation with its principal place of business located at 307 Hartmann Drive, Lebanon, Tennessee 37088. Defendant operates a restaurant located at 15255 Crossroads Parkway, Gulfport, Mississippi 39503, where Plaintiff was employed. At all relevant times, Defendant employed more than 500 employees and was an "employer" within the meaning of 42 U.S.C. § 2000e(b).

9. Defendant may be served through its registered agent for service of process: C T Corporation System, 8927 Lorraine Rd., Suite 204-A, Gulfport, Mississippi 39503.

## V. FACTUAL ALLEGATIONS

10. Plaintiff was hired by Defendant on or about August 11, 2025, to serve as an Associate Manager, earning a salary of $66,000 annually ($5,500 per month).

11. Plaintiff's direct supervisors included General Manager Diane Lopez and District Manager Chris Aldridge. Plaintiff also reported to Human Resources Representative Evelyn Gray and Investigator Joel [LNU].

**Report of Sexual Harassment of a Minor Employee**

12. In October 2025, Plaintiff learned that a 16-year-old female server (Jocelyn [LNU]) was being subjected to sexual harassment by two significantly older male co-workers, including a cook identified as Kenny [LNU] (approximately 55 years of age) and a dishwasher identified as James [LNU].

13. The reported conduct included repeated unwanted physical touching (including grabbing the minor's arm), sexually suggestive comments regarding her clothing and body, questions about her romantic and sexual life, and other sexually harassing conduct directed at a minor employee.

14. Plaintiff reported this sexual harassment of a minor to General Manager Diane Lopez.

15. Ms. Lopez informed Plaintiff that she was going to terminate both men for sexual harassment.

16. However, Ms. Lopez failed to take prompt corrective action and permitted the harassing employees to remain in the workplace.

17. On or about November 5, 2025, Plaintiff escalated her complaint to Defendant's Human Resources department, reporting sexual harassment, unsafe working conditions, and retaliation to HR Manager Evelyn Gray and Investigator Joel [LNU]. Plaintiff's reports constituted protected activity under Title VII.

**Retaliation Following Protected Activity**

18. Immediately following Plaintiff's protected activity, Defendant, acting through its managers and agents, subjected Plaintiff to a pattern of retaliatory conduct, including but not limited to:

- Public criticism and belittlement by General Manager Diane Lopez and Assistant Manager Celeste [LNU];
- Blaming Plaintiff for events outside her control, including staffing shortages;
- Assigning Plaintiff to work six and often seven consecutive days per week without a day off, while similarly situated managers were not subjected to equivalent scheduling;
- Denying Plaintiff the use of her accrued Paid Time Off (PTO); and
- Fabricating performance issues and disciplinary write-ups as pretext to justify termination.

**Work-Related Injury and Denial of PTO**

19. In or about November 2025, during the week of Thanksgiving, Plaintiff sustained a work-related injury and was medically advised to remain off work for approximately one week. Plaintiff had accrued PTO available, but Defendant refused to allow her to use it, providing only a partial workers' compensation payment of approximately $600 with no explanation.

**Pretextual Discipline and Termination**

20. On or about November 18, 2025, Defendant issued Plaintiff a final written warning based on pretextual allegations.

21. On December 16, 2025—approximately six weeks after Plaintiff's protected complaint to Human Resources—Defendant terminated Plaintiff's employment. The stated reasons included alleged failure to complete closing duties, alleged failure to secure doors on the night of December 15, 2025, and alleged cash-drawer/deposit discrepancies. These reasons were false, exaggerated, and pretextual.

22. Plaintiff had received little to no training on the systems and procedures for which she was later disciplined and terminated, and management refused to provide meaningful guidance despite Plaintiff's repeated requests.

23. Upon information and belief, the male harasser Plaintiff reported (Kenny [LNU]) remained employed by Defendant after Plaintiff's termination, notwithstanding Plaintiff's protected complaints.

24. The close temporal proximity between Plaintiff's protected activity (November 5, 2025) and her termination (December 16, 2025), together with the shifting and pretextual justifications offered by Defendant, evidences unlawful retaliatory intent.

## VI. CAUSE OF ACTION

## COUNT ONE – Retaliation in Violation of Title VII (42 U.S.C. § 2000e-3(a))

25. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

26. Plaintiff engaged in activity protected by Title VII when she reported and opposed the sexual harassment of a minor female employee by older male co-workers, both to management and to Human Resources.

27. Defendant knew of Plaintiff's protected activity.

28. Following Plaintiff's protected activity, Defendant subjected Plaintiff to materially adverse actions, including unwarranted written discipline, excessive and punitive scheduling, denial of accrued PTO, and termination of employment on December 16, 2025.

29. A causal connection exists between Plaintiff's protected activity and the adverse employment actions, as evidenced by, among other things, the close temporal proximity between the November 5, 2025 HR complaint and the December 16, 2025 termination, the pattern of hostility that followed the complaint, and the pretextual nature of the stated reasons for termination.

30. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered lost wages and benefits, loss of career opportunity, emotional distress, mental anguish, humiliation, and other damages in amounts to be proven at trial.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shanna McCrory respectfully requests that this Court enter judgment in her favor and against Defendant Cracker Barrel Old Country Store, Inc., awarding the following relief:

1. Back pay, front pay, and all lost wages, benefits, and other economic damages, with prejudgment and post-judgment interest;
2. Compensatory damages for emotional distress, mental anguish, humiliation, loss of enjoyment of life, and injury to reputation;
3. Punitive damages in an amount sufficient to punish Defendant and deter similar conduct;
4. Reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 2000e-5(k);
5. Reinstatement or, in the alternative, front pay in lieu thereof;
6. Payment of accrued but denied PTO and any other wages withheld; and
7. Such other and further relief, at law or in equity, as this Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted, this the 18th  day of July, 2026.

/s/ Nick Norris
Nick Norris, Esq. (MSB #101574)
NICK NORRIS, P.A.
272 Calhoun Station Parkway
Suite C #13
Gluckstadt, MS 39110
Telephone: 601-641-4897
Email: nick@nicknorris.law
*Attorney for Plaintiff Shanna McCrory*